Ruoting Men (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| Shenzhen Benxiang Photoelectric Co., Ltd. and Chuanli Sun,<br><br>*Plaintiffs*,<br><br>v.<br><br>KAPPA AGTECH, LLC.<br><br>*Defendant*. | Case No. 2:25-cv-2034<br><br>**Complaint For Declaratory Judgment**<br><br>**Jury Trial Demand** |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiffs Shenzhen Benxiang Photoelectric Co., Ltd., d/b/a BESTVA STORE ("BESTVA STORE") and Chuanli Sun, d/b/a KingLED ("KingLED," collectively with KingLED as "Plaintiffs"), against Defendant KAPPA AGTECH, LLC ("Defendant" or "KAPPA"), seeking a declaration that Plaintiff's Grow Lights products, identified (the "Accused Product" or "Grow Lights") do not directly or indirectly infringe U.S. Patent No. 11,226,090 B2 ("the '090 Patent"), U.S. Patent No. 12,092,306 B2 ("the '306 Patent") and U.S. Patent No. 12,338,986 B2 ("the '986 Patent," or collectively with '090 Patent and '306 Patent as "Asserted Patents"), either literally or under the doctrine of equivalents,

-1-

COMPLAINT

and/or that the Asserted Patents are invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiffs, as the Accused Product is at risk of being removed from Amazon through enforcement of the Asserted Patents.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's Asserted Patents is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

3. Plaintiff Shenzhen Benxiang Photoelectric Co., Ltd., is a company organized under the laws of People's Republic of China, with a principal place of business located at Fangjian 504, 3 Dong, Zhongtai Keji Yuan Donghuan Yi Lu, Longhua Jiedao, Longhua Qu Shenzhen, Guangdong 518131, China.

4. Plaintiff Chuanli Sun is an individual residing at Fangjian 502, 3 Dong, Zhongtai Keji Yuan Donghuan Yi Lu, Longhua Jiedao, Longhua Qu Shenzhen, Guangdong 518131, China.

5. Upon information and belief, Defendant KAPPA AGTECH, LLC, is a Virginia limited liability company and maintains a principal place of business at 344 Maple Ave W # 181, Vienna, VA, 22180.

## JURISDICTION AND VENUE

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

7. An actual case or controversy exists between the parties to this action. Defendant previously filed litigation against Plaintiffs that resulted in the removal of Plaintiffs' Amazon listings. Although Defendant later dismissed Plaintiffs without prejudice, it subsequently offered Plaintiffs a patent license under the Asserted Patents and demanded payment of past damages based on prior sales of the Accused Products. Defendant's ongoing enforcement efforts place the Accused Products at continuing risk of removal from Amazon and cast a cloud over Plaintiffs' competitive position. These actions have caused, and continue to cause, concrete injury traceable to Defendant and redressable by this Court, thereby giving rise to an actual controversy under 28 U.S.C. § 2201 et seq.

8. This Court has personal jurisdiction over Defendant in this action at least because Defendant purposefully directed its patent-enforcement activities into this District, including by transmitting and causing the transmission of a court TRO and takedown/enforcement communications to Amazon personnel located in Seattle, Washington, with the foreseeable and intended effect of removing Plaintiffs' product listings and disrupting Plaintiffs' sales in this District. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

9. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE FACTUAL BACKGROUND

10. On September 9, 2025, Defendant filed suit in the United States District Court for the Eastern District of Virginia ("EDVA") against multiple Amazon sellers, including Plaintiffs, alleging infringement of the Asserted Patents (the "EDVA Case"). Defendant simultaneously moved for a temporary restraining order ("TRO") against Plaintiffs.

11. On September 19, 2025, the court granted Defendant's motion and entered a TRO. Defendant then transmitted the TRO to Amazon and requested removal of Plaintiffs' listings; Amazon subsequently removed Plaintiffs' Accused Products from the platform.

12. After Plaintiffs appeared in the EDVA Case, Defendant voluntarily dismissed Plaintiffs without prejudice, but thereafter offered Plaintiffs a license to the Asserted Patents and demanded payment of purported past damages based on prior sales of the Accused Products.

13. The Amazon marketplace constitutes Plaintiffs' primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiffs must maintain their product listings on Amazon. Defendant's action has placed Plaintiffs' listings in imminent danger of removal from Amazon, thereby threatening to cut off access to Plaintiffs' most significant channel of trade. As a result, Defendant's enforcement activities of the Asserted Patents via Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff.

## ASSERTED PATENTS

14. The '090 Patent was filed on July 21, 2020, and issued on January 18, 2022. A true and correct copy of the '090 Patent is attached hereto as Exhibit A.

15. The '090 Patent is entitled "Device and Apparatus for Horticultural Lighting and Ventilation" and generally discloses a device and apparatus to provide lighting and ventilation for horticultural applications. *See* Exhibit A at Abstract.

16. The '090 Patent has a sole independent claim and sixteen dependent claims, each claiming a device for illuminating plants and circulating air.

17. The '306 Patent was filed on December 7, 2021, and issued on September 17, 2024. A true and correct copy of the '306 Patent is attached hereto as Exhibit B.

18. The '306 Patent is entitled "Device and Apparatus for Horticultural Lighting and Ventilation" and generally discloses a device and apparatus to provide lighting and ventilation for horticultural applications. *See* Exhibit B at Abstract.

19. The '306 Patent has eight independent claims and ten dependent claims, each claiming a device for illuminating plants and circulating air.

20. The '986 Patent was filed on June 22, 2024, and issued on June 24, 2025. A true and correct copy of the '986 Patent is attached hereto as Exhibit C.

21. The '986 Patent is entitled "Device and Apparatus for Horticultural Lighting and Ventilation" and generally discloses a device and apparatus to provide lighting and ventilation for horticultural applications. See Exhibit C at Abstract.

22. The '986 Patent has two independent claims. The first claim discloses a device for illuminating plants and circulating air, and the second claim discloses a method for providing photosynthetically active radiation to plants.

23. Upon information and belief, Defendant is the assignee of the Asserted Patents.

## COUNT I
**(Declaratory Judgment of Non-Infringement of the '090 Patent)**

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

24. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

25. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '090 Patent by the Accused Product, as evidenced by Defendant's enforcement activities of the '090 Patent against Plaintiff, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '090 Patent.

26. Plaintiff's Accused Product does not infringe any of the presumably valid claims of the '090 Patent, as the Accused Product fails to meet one or more elements of claim of the '090 Patent.

27. The Accused Product is a lighting-only device for plants, lacking any integrated air circulation capability. Unlike claimed design of the '090 Patent, which combines lighting and forced air exit through holes to circulate air to plants, the Accused Product requires separate external fans for air movement, not included in its design. This absence of an integrated "circulating air" function avoids infringement.

28. Further, the claim 1 of the '090 Patent requires "opening(s) connected to at least one source of forced air." In the Accused Product, the internal fan is housed with a clear gap from the upper openings. The '090 Patent's "connected to" implies a physical linkage, absent here, defeating this limitation.

29. Moreover, the claim 1 of the '090 Patent specifies "forced air" entering via connected openings or holes. The Accused Product uses ambient air passively drawn through openings, becoming "forced" only after the fan acts within the housing. This contrasts with the

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

patent's pre-entry forced air from a source, rendering the Accused Product non-infringing due to this sequential difference.

30. Accordingly, among other things, Plaintiff's Accused Product does not infringe '090 Patent.

31. Defendant's baseless complaint has caused, and continues to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted.

32. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the Asserted Patents.

33. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe the presumably valid one or more claims of the '090 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

34. Plaintiff is also entitled to recover damages caused by Defendant.

## COUNT II
### (Declaratory Judgment of Invalidity of the '090 Patent)

35. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

36. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '090 Patent, as evidenced by Defendant's enforcement activities of the '090 Patent against Plaintiff, as set forth above.

37. The claims of the '090 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

38. The U.S. Publication No. 2021/0204484 A1 ("Aykroyd") was filed as a PCT application on May 24, 2019, and claims priority to a Great Britain application filed on May 25, 2018. A true and correct copy of the Aykroyd is attached hereto as Exhibit D. Aykroyd teaches an apparatus for indoor agriculture that combines lighting and ventilation in a single elongate, hollow support structure. This support structure features a plurality of LEDs on its surface and a plurality of outlets (14) that expel forced gas from a channel within the support structure. This gas flow provides ventilation to plants and simultaneously cools the LEDs. Aykroyd, alone or in combination with other prior art, renders the asserted claims of the '090 Patent invalid.

39. The WO 2019/025317 A1 ("Krijn") was published on February 7, 2019, and claims priority to an application filed on July 31, 2017. A true and correct copy of the Krijn is attached hereto as Exhibit E. Krijn teaches a horticulture lighting system and explicitly discloses that a typical light intensity optimal for plant growth is 200 μmol/m²/s. This is the exact photosynthetically active radiation (PAR) level. Krijn, alone or in combination with other prior art (such as Aykroyd) and the knowledge of a person of ordinary skill in the art, renders the asserted claims of the '090 Patent invalid.

40. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '090 Patent.

41. Plaintiff seeks a declaratory judgment that the claims of the '090 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

42. Plaintiff is also entitled to recover damages caused by Defendant.

**COUNT III**
**(Declaratory Judgment of Non-Infringement of the '306 Patent)**

43. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

44. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '306 Patent by the Accused Product, as evidenced by Defendant's enforcement activities of the '306 Patent against Plaintiff, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '306 Patent.

45. Plaintiff's Accused Product does not infringe any of the presumably valid claims of the '306 Patent, as the Accused Product fails to meet one or more elements of the claim 1of the '306 Patent.

46. The Accused Product is a lighting-only device for plants, lacking any integrated air circulation capability. Unlike claimed design of the '306 Patent, which combines lighting and forced air exit through holes to circulate air to plants, the Accused Product requires separate external fans for air movement, not included in its design. This absence of an integrated "circulating air" function avoids infringement.

47. Further, the claim 1 of the '306 Patent requires "opening(s) connected to at least one source of forced air." In the Accused Product, the internal fan is housed with a clear gap from the upper openings. The '306 Patent's "connected to" implies a physical linkage, absent here, defeating this limitation.

48. Moreover, the claim 1 of the '306 Patent specifies "forced air" entering via connected openings or holes. The Accused Product uses ambient air passively drawn through openings, becoming "forced" only after the fan acts within the housing. This contrasts with the

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

patent's pre-entry forced air from a source, rendering the Accused Product non-infringing due to this sequential difference.

49. Accordingly, among other things, Plaintiff's Accused Product does not infringe '306 Patent.

50. Defendant's baseless complaint has caused, and continues to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted.

51. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the Asserted Patents.

52. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe the presumably valid one or more claims of the '306 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

53. Plaintiff is also entitled to recover damages caused by Defendant.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '306 Patent)

54. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

55. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '306 Patent, as evidenced by Defendant's enforcement activities of the '306 Patent against Plaintiff, as set forth above.

56. The claims of the '306 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

57. The Aykroyd teaches an apparatus for indoor agriculture that combines lighting and ventilation in a single elongate, hollow support structure. This support structure features a plurality of LEDs on its surface and a plurality of outlets (14) that expel forced gas from a channel within the support structure. This gas flow provides ventilation to plants and simultaneously cools the LEDs. Aykroyd, alone or in combination with other prior art, renders the asserted claims of the '306 Patent invalid.

58. The Krijn teaches a horticulture lighting system and explicitly discloses that a typical light intensity optimal for plant growth is 200 µmol/m²/s. This is the exact photosynthetically active radiation (PAR) level. Krijn, alone or in combination with other prior art (such as Aykroyd) and the knowledge of a person of ordinary skill in the art, renders the asserted claims of the '306 Patent invalid.

59. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '306 Patent.

60. Plaintiff seeks a declaratory judgment that the claims of the '306 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

61. Plaintiff is also entitled to recover damages caused by Defendant.

**COUNT V**
**(Declaratory Judgment of Non-Infringement of the '986 Patent)**

62. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

63. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '986 Patent by the Accused Product, as

evidenced by Defendant's enforcement activities of the '986 Patent against Plaintiff, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '986 Patent.

64. Plaintiff's Accused Product does not infringe any of the presumably valid claims of the '986 Patent, as the Accused Product fails to meet one or more elements of the claim 1of the '986 Patent.

65. The Accused Product is a lighting-only device for plants, lacking any integrated air circulation capability. Unlike claimed design of the '986 Patent, which combines lighting and forced air exit through holes to circulate air to plants, the Accused Product requires separate external fans for air movement, not included in its design. This absence of an integrated "circulating air" function avoids infringement.

66. Further, the claim 1 of the '986 Patent requires "opening(s) connected to at least one source of forced air." In the Accused Product, the internal fan is housed with a clear gap from the upper openings. The '306 Patent's "connected to" implies a physical linkage, absent here, defeating this limitation.

67. Moreover, the claim 1 of the '986 Patent specifies "forced air" entering via connected openings or holes. The Accused Product uses ambient air passively drawn through openings, becoming "forced" only after the fan acts within the housing. This contrasts with the patent's pre-entry forced air from a source, rendering the Accused Product non-infringing due to this sequential difference.

68. Accordingly, among other things, Plaintiff's Accused Product does not infringe '986 Patent.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

69. Defendant's baseless complaint has caused, and continues to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted.

70. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the Asserted Patents.

71. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe the presumably valid one or more claims of the '986 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

72. Plaintiff is also entitled to recover damages caused by Defendant.

## COUNT VI
### (Declaratory Judgment of Invalidity of the '986 Patent)

73. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

74. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '986 Patent, as evidenced by Defendant's enforcement activities of the '986 Patent against Plaintiff, as set forth above.

75. The claims of the '986 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

76. The Aykroyd teaches an apparatus for indoor agriculture that combines lighting and ventilation in a single elongate, hollow support structure. This support structure features a plurality of LEDs on its surface and a plurality of outlets (14) that expel forced gas from a channel within the support structure. This gas flow provides ventilation to plants and simultaneously cools the

LEDs. Aykroyd, alone or in combination with other prior art, renders the asserted claims of the '986 Patent invalid.

77. The Krijn teaches a horticulture lighting system and explicitly discloses that a typical light intensity optimal for plant growth is 200 μmol/m²/s. This is the exact photosynthetically active radiation (PAR) level. Krijn, alone or in combination with other prior art (such as Aykroyd) and the knowledge of a person of ordinary skill in the art, renders the asserted claims of the '986 Patent invalid.

78. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '986 Patent.

79. Plaintiff seeks a declaratory judgment that the claims of the '986 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

80. Plaintiff is also entitled to recover damages caused by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. For judgment in favor of Plaintiffs against Defendant on all claims.

B. Declaring that Plaintiffs' Accused Product does not infringe any of the claims of the '090 Patent, '306 Patent and '986 Patent;

C. Declaring that the claims of the '090 Patent, '306 Patent and '986 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D.  A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E.  Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F.  Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G.  Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

H.  Awarding pre- and post- judgment interest; and

I.  Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: October 20, 2025

By: /s/ *Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516.
SEATTLE, WA 98104.
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiffs***